UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MELINGONIS, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>   vs.<br><br><br>NETWORK COMMUNICATIONS INTERNATIONAL CORP., D/B/A/ 1-800-CALL-4-LESS,<br><br>                                        Defendant. | CASE NO. 10 CV 1364 MMA (NLS)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE, AND ACCOMPANYING REQUESTS FOR JUDICIAL NOTICE**<br><br>[Doc. No. 11] |

      Currently pending before the Court, and set for hearing on Tuesday, November 30, 2010 is Defendant Network Communications International Corp.'s (doing business as 1-800-CALL-4-LESS) motion to dismiss Plaintiff Chris Melingonis' first amended complaint with prejudice for failure to state a claim upon which relief may be granted, and its accompanying request for judicial notice. Defendant also submitted a second request for judicial notice in support of its reply brief. Having considered the parties' submissions, and in anticipation of Tuesday's hearing, the Court issues the following tentative rulings:

      (1)    The Court tentatively **GRANTS** Defendant's requests for judicial notice. Defendant requests the Court take judicial notice of various documents regarding the legislative history of 47 U.S.C. § 227 and 47 U.S.C. § 226. Although the Ninth Circuit has recently held

judicial notice of these types of legislative material is unnecessary (*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)), California district courts routinely take judicial notice of such materials. *See, e.g., Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1011 (S.D. Cal. 2009)*; Rocky Mtn. Farmers Union v. Goldstene*, 2010 U.S. Dist. LEXIS 59758 *38-43 (E.D. Cal.); *Stemplewski v. Suntrust Mortgage Inc.*, 2010 U.S. Dist. LEXIS *3 (N.D. Cal.). Further, Plaintiff does not appear to oppose Defendant's requests for judicial notice.

(2) The Court tentatively **DENIES** Defendant's motion to dismiss. Defendant argues Plaintiff cannot state a viable claim under the Telephone Consumer Protection Act ("TCPA") (42 U.S.C. § 227) and his First Amended Complaint ("FAC") should be dismissed with prejudice because: (1) Congress did not intend the TCPA to regulate operator services relating to collect calls, such as those provided by Defendant; (2) Defendant, as an operator service who merely attempts to connect a call at the request of an initiating party and arrange for payment of the costs associated with the call, does not "make" or "initiate" a "call" within the meaning of the TCPA; and (3) Defendant's automated disclosure at the beginning of the call identifying itself cannot be grounds for liability under the TCPA because Defendant is required by federal law (42 U.S.C. § 226) to provide such information.

First, although the legislative history does not expressly state that Congress intended the TCPA to regulate operator services, such as those provided by Defendant, the TCPA is intentionally broad. Where exceptions to the TCPA are deemed necessary for certain types of calls, the FCC has the authority to create them. 42 U.S.C. § 227(b)(2). Indeed, the FCC has stated, "[w]e also reiterate that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. **We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'"** *In re the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R 559, 565 (Jan. 4, 2008) (emphasis added). Defendant does not assert an exemption exists for operator services, rather, Defendant's argument focuses on the assumption that the TCPA does not apply to Defendant in the first instance. Given the intentionally broad

1 scope of the TCPA, and the absence of a rule or order exempting Defendant's services from
2 compliance with its restrictions, it appears dismissal of the FAC on this ground is inappropriate.
3 The existence of 42 U.S.C. § 226, and Congress' awareness of operator services similar to those
4 provided by Defendant when amending section 227, do not warrant a different result at this stage.

5 Second, the Court disagrees that Defendant does not "make" or "initiate" a "call" within
6 the meaning of the TCPA. Defendant correctly points out that the TCPA does not define "make,"
7 "initiate," or "call" as used in the statute, but the Ninth Circuit has recently defined "call" as it
8 applies to the TCPA, as "to communicate with or try to get into communication with a person by
9 telephone." *Scatterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). Based on
10 the factual allegations in the FAC, which at this stage the Court accepts as true,[1] as well as the
11 intentionally broad scope of the TCPA, it appears Defendant's alleged contact with Plaintiff
12 constitutes a "call" as defined by the Ninth Circuit. Even if Defendant called Plaintiff at the
13 initiating party's request, Defendant allegedly placed an independent call to Plaintiff to try to get
14 in communication with him to solicit permission to connect the initiating party's call for a fee.
15 [Doc. No. 7, ¶6.] Defendant's argument that its service is merely a conduit for carrying out the
16 initiating party's desire to speak with Plaintiff is unavailing. Thus, dismissal on this ground would
17 not be proper.

18 Third, the Court is tentatively unpersuaded by Defendant's argument that its purported
19 obligation to comply with the Telephone Operator Consumer Services Improvement Act
20 ("TOCSIA"), 42 U.S.C. § 226, immunizes it against the alleged violations of the TCPA, 42 U.S.C.
21 § 227. Based on the existing allegations in the FAC, the Court is not convinced that section 226
22 applies to the facts of this case, nor that reading section 226 in connection with section 227 would

25 / / /

---

27 [1] The Court reviews the contents of the complaint, accepting all factual allegations as true, and
28 drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009).

1  exempt Defendant from liability for the conduct alleged. Therefore, it appears judgment in
2  Defendant's favor at this stage is not appropriate.
3      **IT IS SO ORDERED.**
4
5  DATED: November 29, 2010

                      Hon. Michael M. Anello
                      United States District Judge